UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>   v.<br><br>OSCAR MENDOZA,<br><br>                  Defendant. | NO:  CR-10-2091-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

Before the Court is Defendant Oscar Mendoza's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, ECF No. 203, and motion for appointment of counsel, ECF No. 204.  The Court has reviewed the motions, all other relevant filings, and is fully informed.

## BACKGROUND

On August 10, 2010, Mr. Mendoza and co-defendant Hector Martinez were charged by indictment in case number CR-10-2091-RMP with one count of knowingly and intentionally combining, conspiring, confederating, and agreeing to

manufacture over 1000 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 846, and a second count of knowingly and intentionally manufacturing and possessing with intent to manufacture over 1000 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and 19 U.S.C. § 2. ECF No. 26 at 1-2.  On November 16, 2010, a superseding indictment charged Mr. Mendoza with both original counts and with knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 88 at 2.

On April 29, 2011, Mr. Mendoza pleaded guilty to an Information Superseding the Indictment charging Mr. Mendoza with manufacturing more than 50 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  ECF No. 149 at 1-2.  In his plea agreement, Mr. Mendoza agreed that the following was true and could be proven beyond a reasonable doubt:

> On July 22, 2010 . . . law enforcement approached a tarp/living area near [a marijuana grown operation located in a remote rural area off of Bickleton Highway near Bickleton, WA]. Law enforcement located and arrested Oscar Mendoza and Hector Martinez under the tarp.  Both were taken into custody without incident.
> Law enforcement also located a path leading from the tarp/living area to the marijuana grow site.  The distance from the tarp/living area to the grow is approximately 108 yards. Law enforcement located and seized approximately 12,296 living marijuana plants planted in the soil.
> Law enforcement also located a kitchen/cooking area in between the sleeping area and the grow area. In the sleeping area, officers located two boxes of .22 caliber ammunition.  Hidden underneath pine needles and other forest debris was a Ruger model

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

10/22, .22 caliber rifle. The rifle was located within an arm's reach of persons within the sleeping area.

ECF No. 149 at 6-7.

As part of the Fed. R. Cr. P. 11(c)(1)(C) plea agreement, Mr. Mendoza agreed to waive his appeal rights and the right to attack his conviction or sentence by motion under § 2255 in exchange for an agreed upon forty-two month sentence for the manufacturing charge and sixty month consecutive sentence for possession of a firearm in furtherance of a drug trafficking crime, for a total sentence of 102 months of incarceration, and a three-year term of supervised release. ECF No. 149 at 11. Mr. Mendoza agreed that should such a sentence be imposed, he was waiving his right to file any § 2255 motion except a motion "based upon ineffective assistance of counsel based on information not now known by the Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence." ECF No. 149 at 13.

On July 26, 2011, the Court sentenced Mr. Mendoza to 102 months incarceration and a three-year term of supervised release as specified in the plea agreement. ECF No. 173 at 1-6. On July 20, 2012, Mr. Mendoza filed the present motion arguing he is being held in violation of the Constitution, laws, or other treaties of the United States and alleging that the Court's sentence was excessive or unreasonable. ECF No. 203 at 5. Mr. Mendoza challenges the language of 18

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

1    U.S.C. § 924(c), specifically regarding its "use" and "carry" provisions, and

2    challenges the application of 18 U.S.C. § 924(c) instead of U.S. Sentencing

3    Guideline § 2D1.1(b)(1). ECF No. 203 at 5.

4          Mr. Mendoza directs the Court's attention to *United States v. Booker*,

5    arguing that the district court must use the sentencing factors in 18 USC § 3553(a)

6    to fashion a sentence that is sufficient, but not greater than necessary.  ECF No.

7    203 at 5; *see* 543 U.S. 220, 264 (2005).  Accordingly, Mr. Mendoza moves the

8    Court to correct his sentence by applying U.S. Sentencing Guideline § 2D1.1(b)(1)

9    instead of 18 U.S.C. § 924(c).  ECF No. 203 at 10.  Additionally, on January 14,

10   2013, Mr. Mendoza filed a motion for appointment of counsel to assist him with

11   his § 2255 motion. ECF No. 204.

12                              **DISCUSSION**

13   **Motion for Appointment of Counsel**

14         A prisoner in custody may move the court which imposed his or her

15   sentence to vacate, set aside, or correct the sentence on grounds including "the

16   sentence was imposed in violation of the Constitution or law of the United States,

17   or that the court was without jurisdiction to impose such sentence, or that the

18   sentence was in excess of the maximum authorized by law, or is subject to

19   collateral attack." 28 U.S.C. § 2255(a) (2006).  Pursuant to Rule 4 of the Rules

20   Governing § 2255 Proceedings for the United States District Courts ("Rule 4"), if

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

it "plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b).

However, if the moving party is entitled to relief, the judge must order the government to respond. *Id.* Further, if the judge authorizes discovery or if the petition is not dismissed and an evidentiary hearing is warranted, "the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a); Rule 8(c). Here, discovery neither has been requested nor authorized. In addition, after reviewing the pleadings and per the discussion below, the Court finds that Mr. Mendoza has failed to state a claim on which relief can be granted, and, therefore, neither discovery nor an evidentiary hearing is warranted in this matter. See *United States v. Leonti,* 326 F.3d 1111, 1116 (9th Cir. 2003). Therefore, the Court denies Mr. Mendoza's motion for appointment of counsel.

**Waiver**

Nothing precludes a defendant from waiving the statutory right to file a § 2255 petition challenging the length of his sentence. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990); *United States v. Cope*, 527 F.3d 944, 949 (9th Cir. 2008). Such a waiver is enforceable if "'(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

(2) the waiver is knowingly and voluntarily made.'" *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (quoting *United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005)); *see also Abney v. United States*, 431 U.S. 651, 656 (1997) ("[T]here is no constitutional right to appeal.").

Waiver of appeal rights does not "categorically foreclose" all § 2255 proceedings, "such as a claim of ineffective assistance of counsel or involuntariness of waiver." *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005). Generally, however, an express waiver of a statutory right, including § 2255 petitions, bars the defendant from moving the sentencing court to vacate, set aside, or correct the sentence. *Abarca*, 985 F.2d at 1014.

As part of his plea agreement, Mr. Mendoza waived his right to challenge his sentence by direct appeal or by motion under § 2255, except for a challenge asserting ineffective assistance of counsel based on information not known to Mr. Mendoza at the time of sentencing. ECF No. 149 at 13. Mr. Mendoza does not bring a challenge asserting ineffective assistance of counsel claim. ECF No. 203. Nor does Mr. Mendoza challenge the voluntariness of the waiver. ECF No. 203 at 1. Instead, Mr. Mendoza moves this Court to correct his sentence by applying the U.S. Sentencing Guidelines § 2D1.1(b)(1) instead of the "special 'mandatory minimum'" "gun 'use' statute," 18 U.S.C. § 924(c). ECF No. 203 at 5, 10. Such

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 6

1    an issue was "clearly contemplated by, and subject to, his plea agreement waiver,"

2    and consequently forecloses Mr. Mendoza from seeking collateral relief from his

3    sentence. *See Abarca*, 985 F.2d at 1014.

4    **Excessiveness or Unreasonableness of Sentence**

5        Even if the Court were inclined to reach the merits of Mr. Mendoza's § 2255

6    motion, the motion would still fail.  In his § 2255 motion, Mr. Mendoza argues that

7    his sentence was excessive or unreasonable because (1) the terms "use" and

8    "carry" in 18 U.S.C. § 924(c) connote activity beyond simple possession and he

9    never possessed the firearm; and (2) because the court applied the statutory five-

10   year mandatory minimum sentence under § 924(c) in sentencing Mr. Mendoza

11   instead of adhering to the sentencing guidelines. ECF No. 203 at 5.

12   **Carry, Use, and Possession Under 18 U.S.C. § 924(c)(1)**

13       A prior version of 18 U.S.C. § 924(c)(1) stated: "[w]hoever, during and in

14   relation to any crime of violence or drug trafficking crime . . . *uses or carries* a

15   firearm, shall, in addition to the punishment provided for such crime of violence or

16   drug trafficking crime, be sentenced to imprisonment for five years . . . ." 18

17   U.S.C. § 924(c)(1) (1998) (current version at 18 U.S.C. § 924(c)(1) (2012))

18   (emphasis added). "Use" was narrowly interpreted to connote "more than mere

19   possession of a firearm" and to require proof of "active employment of the firearm

20   by the defendant, a use that makes the firearm an operative factor in relation to the

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 7

1    predicate offense." *Bailey v. United States*, 516 U.S. 137, 143-44 (1995).

2    "Carries" was interpreted to require proof that a "defendant carried a firearm on his

3    person or 'knowingly possesse[d] and convey[ed] firearms in a vehicle.'" *United*

4    *States v. Arreola*, 467 F.3d 1153, 1160 (9th Cir. 2006) (quoting *United States v.*

5    *Foster*, 165 F.3d 689, 689-92 (9th Cir. 1999)). The "use" or "carrying" must relate

6    to the underlying drug offense such that the "firearm 'facilitated or had a role in the

7    crime.'" *Id.* (quoting *United States v. Streit*, 962 F.2d 894, 899 (9th Cir. 1992)).

8           Following the Supreme Court's narrow interpretation of "use" and "carry" in

9    *Bailey*, Congress amended the statute to include possession.  The current version of

10   18 U.S.C. § 924(c)(1), and version of the statute applicable in this case, states:

11          any person who, during and in relation to any crime of violence or
             drug trafficking crime . . . uses or carries a firearm, or who, *in*
12          *furtherance of any such crime, possesses a firearm*, shall, in addition
             to the punishment provided for such crime of violence or drug
13          trafficking crime . . . be sentenced to a term of imprisonment of not
             less than 5 years.
14
15   18 U.S.C. § 924(c)(1) (emphasis added).

16          "Possession" requires that the government prove "the defendant possessed

17   the weapon to promote or facilitate the underlying crime." *United States v. Krouse*,

18   370 F.3d 965, 967 (9th Cir. 2004). The possession must be "in furtherance of" the

19   crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)  This requires

20   the government prove "a nexus between the guns discovered and the underlying

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 8

offense" to establish the possession required by 18 U.S.C. § 924(c)(1).  *Krouse*, 370 F.3d at 968.

Here, officers located a Ruger model 10/22, .22 caliber rifle in the living area of the grow operation, which was within an arm's reach of any persons within the living area.  ECF No. 149 at 7.  Additionally, law enforcement located two boxes of .22 caliber ammunition in the living area. ECF No. 149 at 7 . The firearms were strategically located within easy reach of the living area, which was in close proximity to the marijuana grow.  ECF No. 149 at 7.  Accordingly, even if the Court accepts Mr. Mendoza's contention that he never used, carried, or physically possessed the Ruger model firearm, the evidence establishes a sufficient nexus that Mr. Mendoza possessed the firearm in furtherance of a drug trafficking crime because the firearm and ammunition were in close proximity of the marijuana grow and were quickly and easily available for use. *See Krouse*, 370 F.3d at 968-69; *see also United States v. Luciano*, 329 F.3d 1, 6 (1st Cir. 2003) (finding that guns discovered in "close proximity . . . to [a] significant stockpile of heroin" established a "nexus" between the weapons and drug trafficking activity); *United States v. Lawrence*, 308 F.3d 623, 630 (6th Cir. 2002) ("The jury's verdict . . . is supported by the close proximity of the weapons to the drugs and the fact that these weapons were found either loaded or with ammunition."); *United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001) ("[A] firearm that is kept available

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 9

for use if needed during a drug transaction is possessed in furtherance of drug

trafficking."); *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2002) ("[T]he

firearm must be strategically located so that it is quickly and easily available for

use.").  Therefore, Mr. Mendoza did in fact possess the gun in furtherance of the

drug trafficking crime for which he pleaded guilty. *See* ECF 149 at 1-2.

**Sentence Scoring**

The U.S. Sentencing Guidelines (the "Guidelines") are not a product of

Congress, but are instead promulgated by a sentencing committee. After *United*

*States v. Booker*, "[t]he district courts, while not bound to apply the Guidelines,

must consult those Guidelines and take them into account when sentencing." 543

U.S. at 264.  Guideline § 2K2.4 is the offense guideline applicable for violation of

18 U.S.C. § 924(c). U.S.S.G. Appx. A (2012).  Guideline § 2K2.4 states that "if the

defendant, whether or not convicted of another crime, was convicted of violating

section 924(c) . . . of title 18, United States Code, *the guideline sentence is the*

*minimum term of imprisonment required by statute*." U.S.S.G. § 2K2.4(b)

(emphasis added).  The statute in this case, 18 U.S.C. § 924(c)(1), mandates a

minimum five year imprisonment of "any person who, during and in relation to

any crime of violence or drug trafficking crime . . . uses or carries a firearm, or

who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1).

The five year minimum is to be added to the punishment provided for the crime of violence or drug trafficking crime. *Id.*

Alternatively, Chapter Two of the Guidelines pertains to offense conduct and is used to establish the base offense level for such conduct.  "Section 2D1.1(b)(1) provides for an increase by two levels of the base offense level 'if a dangerous weapon (including a firearm) was possessed' during an offense involving drugs." *United States v. Aquino*, 242 F.3d 859, 863 (9th Cir. 2001).  Mr. Mendoza asks this Court to apply Guideline § 2D1.1(b)(1) instead of 18 U.S.C. § 924(c). ECF No. 203 at 5, 10.  However, Mr. Mendoza pleaded guilty to violating 18 U.S.C. § 924(c).  ECF No. 149 at 1-2.  Accordingly, Guideline § 2K2.4 refers to 18 U.S.C. § 924(c) and consequently compels a statutorily mandated five year minimum sentence.  18 U.S.C. § 924(c)(1)(A)(i); U.S.S.G. § 2K2.4.  As such, for this Court to apply Guideline § 2D1.1(b)(1) instead of 18 U.S.C. § 924(c) would be erroneous.  Therefore, the Court rejects Mr. Mendoza's § 2255 motion.

**Certificate of Appealability**

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*,

529 U.S. 473, 484 (2000).  If a claim is dismissed on procedural grounds the Court must determine whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 474.

A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the Court's procedural holding, are satisfied.  *Id*.  The Court may address either the constitutional or procedural issue first.  *Id*.  Based on the Court's preceding analysis, the Court concludes: (1) that Mr. Mendoza has failed to make a substantial showing of a denial of a constitutional right; and (2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural ruling.  Thus, a certificate of appealability should not issue.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's motion for appointment of counsel, **ECF No. 204** in case **CR-10-2091-RMP**, is **DENIED**.

/ / /

/ / /

/ / /

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 12

2.  Defendant's motion to vacate, set aside, or correct sentence, **ECF No. 203** in **CR-10-2091-RMP**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Clerk is directed to enter this Order, enter Judgment accordingly, and close this case and close the accompanying civil statistic case 12-3096-RMP.

**DATED** this 2nd day of April 2013.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 13