UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>     v.<br><br>OSCAR MENDOZA (1),<br><br>                                    Defendant. | NO:  1:10-CR-2091-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT are Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 229, and Motion for Leave to File Memorandum of Law in Support of the Same, ECF No. 230.  The Court has reviewed the motions and the record and is fully informed.

Defendant previously filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 203, and the Court denied that motion. *See* ECF No. 205.  Defendant filed his present, successive petition on July 1, 2016. ECF No. 229.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

Pursuant to 28 U.S.C. § 2255,

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The statutory reference to 28 U.S.C. § 2244 refers to the requirement that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Defendant filed his pro se motion with this Court without having moved in the Ninth Circuit Court of Appeals.  Therefore, this Court is without jurisdiction to consider his arguments.  Accordingly, Defendant's request for leave to file a memorandum of support must also be denied.

**Certificate of Appealability**

An appeal of this Order may not be taken unless a circuit justice or judge issues a certificate of appealability (COA).  28 U.S.C. § 2253.  The Court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right."  *Id*.  The U.S. Supreme Court held that

1
2
3
4

> when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

5   *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

6   Defendant has failed to provide reason to believe that any jurist of reason

7   would find that his petition is not "second or successive" and that he has failed to

8   move in the Ninth Circuit Court of Appeals.  His brief motion also fails to provide

9   the Court with cause to find the denial of a constitutional right, as he recognizes

10  that he requires more time "[t]o determine whether or not I may be eligible for a

11  sentence reduction upon the *Johnson* decision . . . ."  Letter to Judge Peterson at 2,

12  ECF No. 229-1.  The Court finds no basis to issue a certificate of appealability.

13  In addition, the Court notes that Defendant bases this subsequent § 2255

14  motion on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct.

15  2551 (June 26, 2015).  Even if the Court were to have jurisdiction over

16  Defendant's current § 2255 motion, which the Court finds that it does not, the

17  Court finds that *Johnson* is not applicable in Defendant's situation.  In *Johnson*, the

18  Supreme Court held that the residual clause of the Armed Career Criminal Act

19  (ACCA) was unconstitutionally vague in violation of the Due Process Clause of

20  the Fifth Amendment to the U.S. Constitution.  *Id.* at 2557.  However, Mr.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

Mendoza was not subject to the Armed Career Criminal Act and the residual clause constituted no part of this Court's sentencing decisions.  Therefore, nothing about *Johnson* is applicable to this case and its holding cannot be a basis for this Court to resentence Defendant.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, **ECF No. 229**, is **DENIED**.

2.  Defendant's Motion for Leave to File Memorandum of Law in Support of the Same, **ECF No. 230**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and pro se Defendant.

**DATED** this 31st day of October 2016.

*s/ Rosanna Malouf Peterson*

ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4